JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Josephine McFadzean

## DEFENDANTS
Otis Elevator Company, DJONT/JPM Hospitality Leasing (SPE) LLC and RLJ Lodging Trust LP  (See attached)

**(b)** County of Residence of First Listed Plaintiff  **Suffolk County, NY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Burlington County, NJ**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Tina M. Weber          (484) 653-5573
112 Allen Drive   Exton, PA 19341

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☒ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | **IMMIGRATION** | | | |
| | | ☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332  Diversity of Citizenship
Brief description of cause:
Elevator at hotel in Philadelphia malfunctioned injuring Plaintiff

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  June 27, 2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ Tina M. Weber

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

### Case No. 23-2464

McFadzean v. Otis Elevator Company, et al. additional counties of residence:

(1)  DJONT/JPM HOSPITALITY LEASING (SPE) LLC d/b/a WYNDHAM PHILADEPHIA HISTORIC DISTRICT

**Dallas County, Texas**

(2)  RLJ LODGING TRUST LP d/b/a WYNDHAM PHILADEPHIA HISTORIC DISTRICT

**Montgomery County, Maryland**

05/2023

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 255 St. Johns Street, Central Islip, New York  11722

Address of Defendant: 30 Twosome Drive, Suite 4, Moorestown, New Jersey  08057

Place of Accident, Incident or Transaction: 400 Arch Street, Philadelphia, PA 19106-2120

---

**RELATED CASE IF ANY:**

Case Number:_____ Judge:_____ Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court? — Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: June 27, 2023     /s/ Tina M. Weber     55223

*Attorney-at-Law (Must sign above)*     *Attorney I.D. # (if applicable)*

---

**Civil** (Place a √ in one category only)

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☑ 6. Other Personal Injury *(Please specify)*: Elevator accident
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Tina M. Weber, Esquire_____, counsel of record *or* pro se plaintiff, do hereby certify:

- [X] Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:
- [ ] Relief other than monetary damages is sought.

DATE: Tina M. Weber     /s/ Tina M. Weber     55223

_____     *Attorney-at-Law (Sign here if applicable)*     *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPHINE McFADZEAN** | : | |
| | : | |
| **vs.** | : | **CIVIL ACTION** |
| | : | |
| **OTIS ELEVATOR COMPANY** | : | **No. 23-2464** |
| | : | |
| **and** | : | |
| | : | |
| **DJONT/JPM HOSPITALITY LEASING** | : | |
| **(SPE). LLC d/b/a WYNDHAM** | : | |
| **PHILADELPHIA HISTORIC DISTRICT** | : | |
| | : | |
| **and** | : | |
| | : | |
| **RLJ LODGING TRUST LP** | : | |
| **d/b/a WYNDHAM PHILADELPHIA** | : | |

### COMPLAINT—CIVIL ACTION

Plaintiff, Josephine McFadzean, by and through her attorney, hereby files the within action against Defendants and, in support thereof, avers the following:

### THE PARTIES

1.      The Plaintiff, Josephine McFadzean, is an adult individual who currently resides at 255 St. Johns Street, Central Islip, New York, 11722.

2.      Defendant, Otis Elevator Company, is a foreign business corporation duly registered with the Department of State of the Commonwealth of Pennsylvania and maintains a principal place of business at 30 Twosome Drive, Suite 4, Moorestown, New Jersey 08057. The within Defendant has a registered agent identified as CT Corporation System for purposes of

service of legal process with a location at 600 North 2nd Street, Suite 401, Harrisburg, PA 17101-1071.

3.      Defendant, Otis Elevator Company, regularly conducts business within the Commonwealth of Pennsylvania including, but not limited to, manufacturing, maintaining and providing upkeep for elevators located at various hotels in the City of Philadelphia, Pennsylvania.

4.      Defendant, DJONT/JPM Hospitality Leasing (SPE), LLC d/b/a Wyndham Philadelphia Historic District (hereinafter referred to as "DJONT/JPM"), is a Texas limited liability company who maintains its principal place of business at 545 E. John Carpenter Freeway, Suite 1300, Irving, Texas 75062-3933.  The aforesaid Defendant owns and/or operates the Wyndham Philadelphia Historic District hotel located at 400 Arch Street, Philadelphia, PA 19106-2120.

5.      Defendant, DJONT/JPM regularly conducts business within the Commonwealth of Pennsylvania including, but not limited to, operating hotels in Philadelphia, Pennsylvania.

6.      Defendant, RLJ Lodging Trust LP d/b/a Wyndham Philadelphia Historic District (hereinafter referred to as "RLJ") is a Maryland limited partnership which maintains a principal place of business at 3 Bethesda Metro Center, Suite 1000, Bethesda, Maryland 20814.  The within Defendant has a registered agent identified as Cogency Global, Inc. for purposes of service of legal process with a location at 1519 York Road, Lutherville, MD 21093.  The aforesaid Defendant owns and/or operates the Wyndham Philadelphia Historic District hotel located at 400 Arch Street, Philadelphia, PA 19106-2120.

7.      Defendant, RLJ regularly conducts business within the Commonwealth of Pennsylvania including, but not limited to, operating hotels in Philadelphia, Pennsylvania.

8.     The actions and/or inactions of the Defendants referenced below were performed, or not performed, by the duly authorized agents, servants and/or employees of Defendants who, at all times, were acting within the scope of their employment and course of their authority with Defendants and in furtherance of Defendants' businesses.

9.     At all times referenced herein, Defendant, DJONT/JPM, owned, operated, maintained, possessed, and controlled the hotel known as Wyndham Philadelphia Historic District located at 400 Arch Street, Philadelphia, PA 19106-2120.

10.    At all times referenced herein, Defendant, RLJ owned, operated, maintained, possessed, and controlled the elevators located within the Wyndham Philadelphia Historic District located at 400 Arch Street, Philadelphia, PA 19106-2120.

11.    At all times material herein, Defendant, DJONT/JPM was responsible for operating and maintaining the elevators located within the Wyndham Philadelphia Historic District located at 400 Arch Street, Philadelphia, PA 19106-2120.

12.    At all times material herein, Defendant, RLJ was responsible for operating and maintaining the elevators located within the Wyndham Philadelphia Historic District located at 400 Arch Street, Philadelphia, PA 19106-2120.

13.    At all times referenced herein, Plaintiff was lawfully present on the premises known as the Wyndham Philadelphia Historic District located at 400 Arch Street, Philadelphia, PA 19106-2120.

## JURUSDICTION AND VENUE

14.    Plaintiff hereby incorporates Paragraphs 1 through 13 as though same were set forth fully herein at length.

3

15.     Jurisdiction of this matter is pursuant to 28 U.S.C. §1332, diversity of citizenship with an amount in controversy greater than Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

16.     Venue of this matter is appropriate consistent with 28 U.S.C. §1391 as the events giving rise to the within action occurred within this district.

## FACTS

17.     Plaintiff hereby incorporates Paragraphs 1 through 16 as though same were set forth fully herein at length.

18.     On July 4, 2021 at approximately 1:00 P.M. Plaintiff was a registered guest and business invitee at the Wyndham Philadelphia Historic District hotel located at 400 Arch Street, Philadelphia, PA 19106-2120.

19.     At the aforesaid location and time, entered an elevator owned, operated and/or maintained by Defendant, Otis Elevator Company.

20.     While entering the elevator, Plaintiff was severely injured when, suddenly and without warning, the elevator doors abruptly slammed shut striking Plaintiff on her right shoulder and body.

21.     At all times material herein, Plaintiff was using the elevator in the manner prescribed by the Defendants and for its intended purpose for which it was designed, manufactured, sold and maintained by Defendants.

22.     As a result of the incident, Plaintiff sustained serious, severe and permanent bodily injuries, pain and suffering and loss of use of bodily functions and will be caused to endure additional pain and suffering for an indefinite time in the future.  More specifically, Plaintiff sustained numerous injuries to her right shoulder and body including, but not limited to, full-

4

thickness tearing of the supraspinatus tendon, moderate grade partial tearing of the infraspinatus tendon with muscle atrophy and moderate grade partial tearing of the long head of the biceps tendon.

23.    As a direct and proximate cause of the incident, Plaintiff has incurred, and continues to incur, medical bills directly related to her injuries as a result of the accident.

24.    In addition to the above and as a direct and proximate cause of the accident, Plaintiff has incurred, and continues to incur, various out-of-pocket expenses.

24.    Plaintiff has also suffered loss of wages and earning and earning capacity as a direct and proximate cause of the accident.

25.    As a direct and proximate cause of the accident, Plaintiff has suffered, and continues to suffer, severe physical and mental pain for which she seeks damages.

## COUNT I—NEGLIGENCE
## PLAINTIFF v. OTIS ELEVATOR COMPANY

26.    Plaintiff hereby incorporates Paragraphs 1 through 25 as though same were set forth herein fully at length.

27.    At all times referenced herein, Defendant, Otis Elevator Company, manufactured, designed, assembled, distributing, and maintained the elevator at the Wyndham Philadelphia Historic District hotel located at 400 Arch Street, Philadelphia, PA 19106-2120.

28.    Defendant, Otis Elevator Company, was negligent in the manufacture, design assembly, distribution, maintenance and upkeep of the elevator and its component parts.

29.    The carelessness and negligence of the Defendant, Otis Elevator Company, consisted of the following acts and/or omissions:

(a)    Failure to properly design, manufacture, maintain and sell the elevator and its component parts in a manner so as to render them safe for their intended purposes;

(b)    Failure to include into the design of the elevator and/or any component parts, an appropriate safeguard, fail-safe devices or systems of safety features which would have prevented the injuries to Plaintiff;

(c)    Failure to provide sufficient warnings to Plaintiff as to the reasonably foreseeable defects of the elevator and/or its component parts;

(d)    Failure to provide sufficient warnings to Plaintiff as to the reasonably foreseeable dangers of the elevator and/or its component parts;

(e)    Failure to give sufficient instructions and/or warnings to the ultimate purchaser and/or user so that there would be sufficient information preparation and training in the safe and proper use of the elevator;

(f)    Failure to properly test and/or inspect the elevator and/or its component parts for the existence of defects;

(g)    Failure to properly perform appropriate service to the elevator so as to render the elevator and/or its component parts safe for use by Plaintiff;

(h)    Failure to properly upkeep the elevator and/or its component parts;

(i)    Failure to repair the elevator and/or its component parts so as to ensure the safety of Plaintiff;

(j)    Allowing and permitting a dangerous condition to exist in the elevator and/or the component parts, said condition which was a direct and proximate cause of the accident sustained by Plaintiff;

(k)    Failing to properly instruct and/or train its employees on the proper manner of servicing and maintaining the elevator and/or its component parts; and,

(l)    Designing, manufacturing, distributing and/or installing certain component

6

parts in the elevator which were improperly designed, manufactured, distributed and installed.

30.     As a result of the negligence of Defendant, Otis Elevator Company, Plaintiff sustained serious, severe and permanent bodily injuries, pain and suffering and loss of use of bodily functions and will be caused to endure additional pain and suffering for an indefinite time in the future.

31.     As a direct and proximate cause of the negligence of Defendant, Otis Elevator Company, Plaintiff has incurred, and continues to incur, medical bills directly related to her injuries as a result of the accident.

32.     In addition to the above and as a direct and proximate cause of the negligence of Defendant, Otis Elevator Company, Plaintiff has incurred, and continues to incur, various out-of-pocket expenses.

33.     Plaintiff has also suffered loss of wages and earning and earning capacity as a direct and proximate cause of the negligence of Defendant, Otis Elevator Company.

34.     As a direct and proximate cause of the negligence of Defendant, Otis Elevator Company, Plaintiff has suffered, and continues to suffer, severe physical and mental pain for which she seeks damages.

WHEREFORE, Plaintiff, Josephine McFadzean, demands judgment from Defendant, Otis Elevator Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus court costs and fees and such other relief this Honorable Court deem appropriate.

## COUNT II—STRICT LIABILITY IN TORT
## PLAINTIFF v. OTIS ELEVATOR COMPANY

35.     Plaintiff hereby incorporates Paragraphs 1 through 34 as though same were set forth herein fully at length.

36.    Sometime prior to July 4, 2021, Defendant, Otis Elevator Company, designed, manufactured, sold and/or maintained the elevator and/or its component parts located at the Wyndham Philadelphia Historic District hotel located at 400 Arch Street, Philadelphia, PA 19106-2120.

37.    At all times, Defendant, Otis Elevator Company, was engaged in the design, sale, and manufacturing of elevators and their component parts.

38.    The elevator and/or the component parts were in a defective condition at the time they left the possession of the Defendant, Otis Elevator Company, and were not substantially altered prior to the time of Plaintiff's accident.

39.    At the time of its sale, the elevator and/or its component parts were in a defective condition by reason of its design and manufacture, and by reason of absence of proper warnings and notice to users such as Plaintiff.

40.    The defect, defective design and/or defective condition was the cause or a substantial factor in causing Plaintiff's accident.

41.    At all times, Defendant, Otis Elevator Company, knew or should have known, that the elevator would be utilized by the public and by individuals such as Plaintiff and should have foreseen that the elevator would malfunction.

42.    At all times herein, Defendant, Otis Elevator Company, knew or should have known of the dangerous condition of the elevator and/or its component parts.

WHEREFORE, Plaintiff, Josephine McFadzean, demands judgment from Defendant, Otis Elevator Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus court costs and fees and such other relief this Honorable Court deem appropriate.

## COUNT III—BREACH OF WARRANTY
## PLAINTIFF v. OTIS ELEVATOR COMPANY

43.    Plaintiff hereby incorporates Paragraphs 1 through 42 as though same were set forth herein fully at length.

44.    Defendant, Otis Elevator Company, warranted that the elevator and/or its components were of merchantable quality and were fit for the purpose and use for which they were intended.

45.    Plaintiff's injuries as set forth previously were caused by Defendant, Otis Elevator Company's, breach of its warranties in selling a defective product and/or its components that were unmerchantable and unfit for the ordinary purpose for which they were intended.

46.    The defects of the elevator and/or its component parts existed at the time of sale and were placed into the stream of commerce without regard for the safety of Plaintiff.

WHEREFORE, Plaintiff, Josephine McFadzean, demands judgment from Defendant, Otis Elevator Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus court costs and fees and such other relief this Honorable Court deem appropriate.

## COUNT IV—NEGLIGENCE
## PLAINTIFF v. DJONT/JPM HOSPITALITY LEASING (SPE)

47.    Plaintiff hereby incorporates Paragraphs 1 through 46 as though same were set forth herein fully at length.

48.    Defendant, DJONT/JPM Hospitality Leasing (SPE), LLC d/b/a Wyndham Philadelphia Historic District (hereinafter referred to as "DJONT/JPM"), at all times herein, operated, controlled, maintained and/or supervised a certain hotel known as the Wyndham Philadelphia Historic District hotel located at 400 Arch Street, Philadelphia, PA 19106-2120.

49.    Defendant, DJONT/JPM, at all times herein, operated, controlled, maintained and/or supervised a certain elevator located within the lobby of the Wyndham Philadelphia Historic District.

50.    On July 4, 2021, the Wyndham Philadelphia Historic District hotel was open for public use by invitees such as Plaintiff and it was the duty of Defendant, DJONT/DPM to maintain the elevators in the lobby in a reasonably safe condition for Plaintiff.

51.    At all times referenced herein, the relationship of Defendant, DJONT/DPM, and Plaintiff was that of innkeeper and guest.

52.    On the aforementioned date, Plaintiff was entering an elevator located in the lobby of the Wyndham Philadelphia Historic District hotel when, suddenly and without warning, the elevator doors slammed shut on Plaintiff's right shoulder and body.

53.    On the date of the accident, Defendant, DJONT/DPM, had the duty and responsibility to inspect, keep and maintain the elevators in a safe condition for business invitees such as Plaintiff.

54.    At all times referenced herein, Defendant, DJONT/DPM, knew or should have known of the existence of the defect in its elevator and Defendant was obligated to remedy, repair, and eliminate the defect.

55.    At all times referenced herein, Defendant, DJONT/DPM, knew or should have known of the existence of the defect in its elevator and Defendant was obligated to properly warn Plaintiff of the defect.

56.    As a direct and proximate cause of the accident, Plaintiff sustained serious and permanent injuries and such other damages hereinbefore described.

57. The injuries sustained by Plaintiff were caused by the negligence and carelessness of Defendant, DJONT/DPM in that:

(a)    it failed to maintain the elevator in a safe and proper manner;

(b)    it failed to use due care and to employ reasonable skill in performance of Defendant's duties;

(c)    it knew or should have known of the defect and dangerous condition of the elevator but nevertheless permitted the elevator to remain in an unsafe, unsuitable and dangerous condition;

(d)    it failed to use reasonable prudence or care in maintaining the elevator in a safe condition;

(e)    it failed to use reasonable care in inspecting and/or discovering the defect of the elevator;

(f)    it failed to warn Plaintiff of the defect;

(g)    it permitted the elevator to remain in an unreasonably dangerous, unsuitable and unsafe condition, having actual and/or constructive notice of the defect;

(h)    it failed to correct, remedy, repair and/or eliminate the defect; and

(i)    it conducted itself in a negligent and careless manner.

58. At all times referenced herein, the negligence of Defendant, DJONT/JPM, was a direct and proximate cause of the injuries sustained by Plaintiff.

WHEREFORE, Plaintiff, Josephine McFadzean, demands judgment from Defendant, DJONT/JPM Hospitality Leasing (SPE), LLC d/b/a Wyndham Philadelphia Historic District, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus court costs and fees and such other relief this Honorable Court deem appropriate.

## COUNT IV—NEGLIGENCE
### PLAINTIFF v. RLJ LODGING TRUST LP

59.    Plaintiff hereby incorporates Paragraphs 1 through 58 as though same were set forth herein fully at length.

60.    Defendant, RLJ Lodging Trust LP d/b/a Wyndham Philadelphia Historic District (hereinafter referred to as "RLJ"), at all times herein, operated, controlled, maintained and/or supervised a certain hotel known as the Wyndham Philadelphia Historic District hotel located at 400 Arch Street, Philadelphia, PA 19106-2120.

61.    Defendant, RLJ, at all times herein, operated, controlled, maintained and/or supervised a certain elevator located within the lobby of the Wyndham Philadelphia Historic District.

62.    On July 4, 2021, the Wyndham Philadelphia Historic District hotel was open for public use by invitees such as Plaintiff and it was the duty of Defendant, RLJ to maintain the elevators in the lobby in a reasonably safe condition for Plaintiff.

63.    At all times referenced herein, the relationship of Defendant, RLJ, and Plaintiff was that of innkeeper and guest.

64.    On the aforementioned date, Plaintiff was entering an elevator located in the lobby of the Wyndham Philadelphia Historic District hotel when, suddenly and without warning, the elevator doors slammed shut on Plaintiff's right shoulder and body.

65.    On the date of the accident, Defendant, RLJ, had the duty and responsibility to inspect, keep and maintain the elevators in a safe condition for business invitees such as Plaintiff.

66.    At all times referenced herein, Defendant, RLJ, knew or should have known of the existence of the defect in its elevator and Defendant was obligated to remedy, repair, and eliminate the defect.

12

67.    At all times referenced herein, Defendant, RLJ, knew or should have known of the existence of the defect in its elevator and Defendant was obligated to properly warn Plaintiff of the defect.

68.    As a direct and proximate cause of the accident, Plaintiff sustained serious and permanent injuries and such other damages hereinbefore described.

69.    The injuries sustained by Plaintiff were caused by the negligence and carelessness of Defendant, RLJ in that:

      (a)    it failed to maintain the elevator in a safe and proper manner;

      (b)    it failed to use due care and to employ reasonable skill in performance of Defendant's duties;

      (c)    it knew or should have known of the defect and dangerous condition of the elevator but nevertheless permitted the elevator to remain in an unsafe, unsuitable and dangerous condition;

      (d)    it failed to use reasonable prudence or care in maintaining the elevator in a safe condition;

      (e)    it failed to use reasonable care in inspecting and/or discovering the defect of the elevator;

      (f)    it failed to warn Plaintiff of the defect;

      (g)    it permitted the elevator to remain in an unreasonably dangerous, unsuitable and unsafe condition, having actual and/or constructive notice of the defect;

      (h)    it failed to correct, remedy, repair and/or eliminate the defect; and

      (i)    it conducted itself in a negligent and careless manner.

70.    At all times referenced herein, the negligence of Defendant, RLJ, was a direct and proximate cause of the injuries sustained by Plaintiff.

WHEREFORE, Plaintiff, Josephine McFadzean, demands judgment from Defendant, RLJ Lodging Trust LP, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus court costs and fees and such other relief this Honorable Court deem appropriate.

BY:    /s/ *Tina M. Weber*
_____
Tina M. Weber, Esquire
Attorney I.D. No. 55223
112 Allen Drive
Exton, PA  19341
(484) 653-5573
tinaweberesq@gmail.com

Date:  June 27, 2023

14

## CERTIFICATE OF SERVICE

I, Tina M. Weber, Esquire, do hereby certify that on June 27, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System which will send notification of such filing to the CM/ECF participants registered to receive service in this action; the aforesaid document is available for viewing and downloading from the ECF System. I further certify that time-stamped copies of the aforesaid document shall be served upon all defendants via USPS certified mail, return receipt requested.

BY:    /s/ *Tina M. Weber*
_____

Tina M. Weber, Esquire
Attorney I.D. No. 55223
112 Allen Drive
Exton, PA 19341
(484) 653-5573
tinaweberesq@gmail.com

Date: June 27, 2023